IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KIRSHA BROWN,**
**# 125362,**

     **Plaintiff,**

vs.                                               **Case No. 4:16cv791-RH/CAS**

**FLORIDA STATE HOSPITAL,**
**et al.,**

     **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case on December 21, 2016, by filing a civil rights complaint, ECF No. 1, and a motion for in forma pauperis status, ECF No. 2.  On the following day, Plaintiff submitted a resident trust fund statement from Florida State Hospital, ECF No. 4, and several days later, another resident trust fund statement, ECF No. 5.  Neither statement was properly signed by Plaintiff and were insufficient to support the in forma pauperis motion.

On Order was entered on January 5, 2017, requiring Plaintiff to clarify the reason for her residency at the Florida State Hospital.  ECF No. 6.

Plaintiff has complied and filed a copy of the Order of Re-Commitment which demonstrates Plaintiff was found incompetent to proceed.  ECF No. 8 at 6-8.  Thus, pursuant to 28 U.S.C. § 1915(h), Plaintiff meets the definition of a "prisoner," defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

In light of that finding, it appears that Plaintiff's motions for in forma pauperis status, ECF Nos. 2 and 8, must be denied.  Plaintiff has been identified as a "three striker" in the United States District Court for the Southern District of Florida and has been denied in forma pauperis status pursuant to 28 U.S.C. § 1915(g).[1]  Case # 4:16cv10034.  In the initial complaint, Plaintiff acknowledged having filed case numbers 4:16cv10034 and 4:16cv10024, which Plaintiff said concerned "the same or similar facts/issues involved in this action."  See ECF No. 1 at 3.  Those cases

---

[1] That statute provides that a prison may not bring a case with in forma pauperis status "if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Case No. 4:16cv791-RH/CAS

were dismissed as barred by § 1915(g) on June 13, 2016 (ECF No. 15 of case number 4:16cv10024), and on August 10, 2016 (ECF No. 9 of case number 4:16cv10034).

Judicial notice is taken that the Report and Recommendation entered in case number 4:16cv10024 listed three cases which were dismissed in the Middle District of Florida for failure to state a claim: case number 16-cv-00190, case number 16-cv-00224, and case number 16-cv-00706. ECF No. 9 of case # 4:16cv10024. Thus, Plaintiff has acknowledged that she is the plaintiff who filed case number 4:16cv10024, ECF No. 1 at 3, and that case establishes that Plaintiff "is a 'three-striker' under the PLRA. ECF No. 9 at 4 of case # 4:16cv10024.

Plaintiff's amended complaint, filed on January 18, 2017, also acknowledges that she filed case number 6:16cv224 which was dismissed for failure to state a claim. ECF No. 7 at 4. She further notes that case number 6:16cv706 was also dismissed for failure to state a claim. *Id.* at 3. Although Plaintiff did not list case number 6:16cv190 in either her complaint, ECF No. 1, or amended complaint, ECF No. 7, it has been confirmed that Plaintiff Kirsha Brown also filed case number 6:16cv190 in the Middle District of Florida. It was dismissed for failure to state a claim.

Thus, it has now been confirmed that Plaintiff is a "prisoner" under 28 U.S.C. § 1915(h), she was detained or otherwise incarcerated when the prior actions were brought, and she has "three strikes." She is not entitled to be granted in forma pauperis status pursuant to 28 U.S.C. § 1915(g). Plaintiff is aware of that fact through the dismissal of case number 4:16cv10024 and case number 4:16cv10034.

Her complaint has been reviewed as required by § 1915(g) to determine if she presented allegations demonstrating she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Neither the complaint, ECF No. 1, amended complaint, ECF No. 7, or the supplement to the complaint, ECF No. 9, make that demonstration. Thus, Plaintiff's motions for in forma pauperis status, ECF Nos. 2 and 8, should be denied and this case should be dismissed. Dismissal should be without prejudice to Plaintiff making the same allegations in a complaint for which she pays the full amount of the filing fee at the time of case initiation.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motions to proceed in forma pauperis, ECF Nos. 2 and 8, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and this case be **DISMISSED without prejudice.** It is further

Case No. 4:16cv791-RH/CAS

**RECOMMENDED** that the Clerk of Court be directed to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on January 25, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**